hTOBIAS, Judge.
Plaintiff/Appellant, State of Louisiana, Department of Social Services (hereinafter the “State”), appeals a judgment of the Civil District Court that cumulated past due child support arrearages owed by Defendant/Appellee, Walter L. Claiborne. The State maintains that the trial court: (1) abused its discretion by refusing to sentence Mr. Claiborne after finding him in contempt of court for nonpayment of previously ordered support and, (2) erred by ordering the arrearages to be reduced at the rate of $100 per month.
On 2 July 1998, the State filed a petition seeking an order to establish child support pursuant to La. R.S. 46:236.1, et seq. The statutes therein authorize and delineate, inter alia, the State’s program for the establishment, collection, enforcement and distribution of child support.
On 7 July 1998, the State and Mr. Claiborne entered a consent judgment providing, among other things, that Mr. Claiborne pay child support, through the State, at the rate of $347 per month retroactive to 28 June 1998. On 20 July 1998, the Orleans Parish District Attorney’s Office enrolled on behalf of the State for the limited purposes of collection, enforcement and distribution of child support to Jacqueline Armstrong, the mother of Jamar Armstrong, owed pursuant to the 7 July 1998 *923 judgment. Since Ms. Armstrong was not receiving public assistance, the child support, less court costs, was due to her as mother and custodian of Jamar.
| .¿On 11 June 1999, the State filed a rule for contempt and a rule to revoke licenses against Mr. Claiborne alleging that he had failed to make the required support payments. The matter was set for and heard on 28 January 2000. The evidence, including Mr. Claiborne’s own testimony, established that Mr. Claiborne had paid only $100 since entering the consent judgment, and that the accrued arrearages were $4,615. Mr. Claiborne testified that he was gainfully employed, was aware of his support obligation, and had not paid that which he had been ordered to pay, except for the sum of $100. Mr. Claiborne attempted to justify his nonpayment stating that he had been unemployed for about 8 months, but at the time of his testimony, had been employed for about 6 months. He further testified that he had not gone without food during the period and had not been evicted from his residence for want of money.
The trial court found Mr. Claiborne in contempt of court, made the arrearages executory, refused to revoke Mr. Claiborne’s licenses,[1] and ordered the previously entered income assignment to be maintained.
Louisiana Revised Statute 46:236.6 provides, in pertinent part:
A. If a defendant violates the terms of a court order, issued pursuant to the provisions of Rev. Stat. 46:236.1, Rev. Stat. 46:236 .2, Ch. C. articles 1301 et seq., or Rev. Stat. 13:4241, requiring him to pay child support to the Department of Social Services, a representative of the child support collection agency as set forth in Rev. Stat. 46:236.1(K) may serve on the defendant a summons ordering him to appear and show cause before the proper court of competent jurisdiction why he should not be held in contempt of court....
laB. If at the hearing of such rule the court finds the accused guilty of contempt for failure to comply with the previous judgment, the contempt shall be deemed constructive contempt under Article 224(2) of the Code of Civil Procedure and the defendant may be punished as follows:
(1) For a finding of contempt of court, the court shall impose a sentence of imprisonment for not more than ninety days or a fine of not more than five hundred dollars, or both. At the discretion of the court, the sentence may be suspended upon payment of all of the following:
(a) The amount of the order for unpaid support.
(b) The total amount of unpaid support accruing since the date of the order.
(c) The amount of all attendant court costs.
(2) Upon recommendation of the state attorney or the representative of the child support collection agency, or both, all or part of the sentence at *924 or after imposition may be suspended upon payment of a lesser amount plus attendant court costs. Such payment shall apply toward but not extinguish the total amount due. If, upon any finding of contempt, the court imposes a period of incarceration without suspension and renders a money judgment against the defendant, the incarceration will not relieve the defendant from his obligation to pay the amount of arrears after release from incarceration.
(3) In any instance where the court imposes a period of incarceration, the defendant may purge himself of contempt and be released from jail upon paying the full amount of ar-rearages owed. Upon receipt of payment, the child support collection agency shall immediately notify the appropriate court that the full amount of arrearages have been paid, and the court shall direct an order to the proper authorities requiring the defendant’s release forthwith. (Emphasis added.)
The statute is unambiguous and clear that when a debtor, such as Mr. Claiborne, is found in contempt of court for nonpayment of support, the contempt is considered a constructive contempt of court pursuant to La. C.C.P. art. 224(2) and, the judge shall impose on the debtor a sentence of imprisonment of not more than 90 days or a fine of not more than $500, or both. The court cannot suspend the sentence imposed unless the debtor pays (1) the amount of the order for unpaid support, (2) the total amount of unpaid support that has accrued since the date of the order, and (3) all court costs related to the rule.
Accordingly, when the trial court found Mr. Claiborne in contempt of court and refused to impose a sentence, the trial court erred. Although the State argues | ¿that the trial court was required to incarcerate Mr. Claiborne, we do not agree. The statute clearly states that the trial judge could have ordered Claiborne incarcerated and/or it could have fined him. La. R.S. 46:236.6(B). The State is correct that the trial court does not have the authority to refuse to impose a sentence on the debtor. Further, the statute clearly provides that the trial court may not suspend any sentence so imposed unless (1) the State consents and the debtor makes partial payment, or (2) the debtor pays the full amount of arrearages and court costs. La. R.S. 46:236.6(B).
Furthermore, Louisiana Revised Statute 46:236.3(B)(1) provides in pertinent part:
Upon entry of any court order for the establishment or modification of support, the court shall order an immediate income assignment, which shall be effectuated immediately by service upon the payor or payors of income... This income assignment may be effectuated by serving a notice on any payor of income or payors of income, advising the payor to withold an amount for current support, plus an additional amount to be determined by the obligee, toward any arrearage. (Emphasis added.)
This provision and the other provisions of La. R.S. 46:236.3 and La. R.S. 13:3881 (regarding exemptions from seizure) clearly permit the State, at its option, to collect through an income assignment up to 50% of Mr. Claiborne’s income. We read the language of the 28 January 2000 judgment ordering Mr. Claiborne to “pay an additional $100 per month towards arrears owed” as not being in derogation of the State’s right to an income assignment.
Louisiana Revised Statute 13:3881(A)(1) provides:
*925 A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(l)(a) Seventy-five percent of his disposable earnings for any week, but in no case shall this exemption be less than an amount in disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple or fraction | ¡¿hereof, according to whether the employee’s pay period is greater or less than one week. However, the exemption from disposable earnings for the payment of a current or past due support obligation, or both, for a child or children is fifty percent of disposable earnings, and the exemption from seizure of the disposable earnings for the payment of a current or past due support obligation, or both, for a spouse or former spouse is sixty percent of the disposable earnings. For purposes of this Subsection, if the Department of Social Services is providing support enforcement services to the spouse and a judgment or order for support includes an obligation for both a child or children and a spouse or former spouse, or in any case wherein the judgment or order does not clearly indicate which amount is attributable to support of the spouse or former spouse, the support obligation shall be treated as if it is exclusively for the support of a child or children.
(b) The term “disposable earnings” means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld and which amounts are reasonable and are being deducted in the usual course of business at the time the garnishment is served upon the employer for the purpose of providing benefits for retirement, medical insurance coverage, life insurance coverage and which amounts are legally due or owed to the employer in the usual course of business at the time the garnishment is served.
To the extent that the $100 per month does not exceed the exempt portion of Mr. Claiborne’s wages, we see no impediment to the State’s collection of that sum in addition to the 50% income assignment authorized by La. R.S. 46:236.3(B)(1), supra. Based upon the transcript’s indication that Mr. Claiborne is earning about $150 to $160 per week, we do not find that the State will presently be able to collect more than a total of 50% of his income.
For the foregoing reasons, we affirm the trial court’s judgment insofar as it finds Mr. Claiborne owing past due support in the amount of $4,615; orders him to pay that amount plus legal interest as provided by law; orders him to provide health insurance for his son, Jamar; declines to award attorney’s fees; and, orders him to pay $100 per month toward the arrearage. We amend the judgment to reflect that Mr. Claiborne is in contempt of court for nonpayment of child support. |fiWe remand this matter to the trial court to impose a sentence upon Mr. Claiborne as required by law.

AFFIRMED IN PART; AMENDED IN PART; REMANDED WITH INSTRUCTIONS.

. La. R.S. 9:315.31(6) defines "license” as:
any license, certification, registration, permit, approval, or other similar document evidencing admission to or granting authority for any of the following:
(a)To engage in a profession, occupation, business, or industry.
(b) To operate a motor vehicle.
(c) To participate in any sporting activity, including fishing and hunting.
See also La. R.S. 9:315.32.